[No. 21988.   Department Two.   August 2, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK
EPPERSON, *Appellant*.[1]

*Roche & Ayers,* for appellant.

*Chas. W. Greenough* and *Ralph E. Foley,* for respondent.

PARKER, J.—In a justice court for Spokane county, the defendant Epperson was charged and adjudged guilty of the offense of manufacturing intoxicating liquor with intent to sell it.  He appealed therefrom to the superior court for that county, where, upon trial in that court sitting with a jury, he was again found and adjudged guilty.  From that judgment, he has appealed to this court.

The assignments of error and contentions here made in behalf of appellant constitute nothing more than a challenge to the sufficiency of the evidence to sustain the verdict and judgment.  The evidence introduced in support of the prosecution warranted the jury in viewing the principal facts to be, in substance, as follows: Appellant, at the time he was arrested, was working upon an old abandoned farm, the buildings of which were in a very dilapidated condition to the ex-

[1]Reported in 279 Pac. 588.

tent of being unusable. The farm belonged to a member of the family of appellant, though he was then in possession of it, and for present purposes it may be regarded as belonging to him.

Deputy sheriffs, armed with a search warrant, went to appellant's place and made search for intoxicating liquor. They did not find any on his place, but did find, at a very short distance off his place in a secluded spot on land of another, a large, well-equipped still in operation for the making of whiskey, in personal charge of one Smith, who was then arrested by the officers. The fuel being used in the still was gasoline.

The deputies also found, by the side of a crude road leading from the still up onto appellant's land, a very short distance from the still, on appellant's land, several sacks of corn sugar and a drum of gasoline. These, manifestly, were supplies for the still. The deputies then went back to where appellant was working, and, upon further search, found in his automobile truck there five one-pound cakes of yeast among some groceries. They then took appellant down to the still and also to the sugar and gasoline by the side of the road, where he admitted that the sugar and gasoline belonged to him, and that it was upon his land. Smith, who was in charge of the still, had stayed with appellant the previous night near the old buildings on appellant's place, both camping there, appellant giving Smith his meals. Some further minor details appearing in the state's evidence lend some additional support to the verdict and judgment.

Evidence introduced in behalf of appellant is in a large measure in conflict with the evidence introduced in behalf of the state, and also, if believed by the jury, would furnish some plausible explanation of some of the damaging facts testified to in behalf of the state. However, we cannot hold, as a matter of law, that the

evidence does not support the verdict and judgment. The question of appellant's guilt, we are convinced, was for the jury to decide.

The judgment is affirmed.

HOLCOMB, FRENCH, MAIN, and MILLARD, JJ., concur.